**MANLEY, Kenneth S., appellant,**

v.

**STATE of Indiana, appellee.**

No. 46S03–0305–PC–212.

Supreme Court of Indiana.

May 22, 2003.

### ORDER

Kenneth S. Manley was convicted and sentenced on a charge of aggravated bat-

tery, a class B felony. The conviction was affirmed on direct appeal in an unpublished memorandum decision. *Manley v. State,* 752 N.E.2d 669 (Table, Ind.Ct.App., July 30, 2001). Manley was later denied post-conviction relief and this appeal ensued. The Court of Appeals affirmed in an unpublished memorandum decision. *Manley v. State,* 783 N.E.2d 811 (Table, Ind.Ct.App., February 7, 2003). Manley has filed a petition seeking transfer of jurisdiction to the Indiana Supreme Court.

The record shows that Manley filed a *pro se* petition for post-conviction relief on May 20, 2002. He also requested representation by the State Public Defender. The State Public Defender received a copy of Manley's post-conviction petition on May 28, and mailed an appearance to the post-conviction court on June 4, 2002.

Meanwhile, however, the Prosecutor filed an answer to the *pro se* petition for post-conviction relief on May 31, 2002. The post-conviction court entered judgment on the petition that same day. The full text of the judgment follows: "Upon review of State of Indiana's Answer to Defendant's Post–Conviction Relief Petition, Defendant's Petition is hereby denied." The post-conviction court denied a motion to correct error filed by the State Public Defender on Manley's behalf.

Post–Conviction Rule 1(4)(f) states: "If the State Public Defender has filed an appearance, the State Public Defender shall have sixty (60) days to respond to the State's answer to the petition filed pursuant to Rule PC 1(4)(a). If the pleadings conclusively show that petitioner is entitled to no relief, the court may deny the petition without further proceedings." The pleadings referred to in Rule 1(4)(f) include the response of the State Public Defender. The post-conviction court erred in denying the petition for post-conviction relief without allowing the State Public Defender sixty days to file a response, as required by rule.

Post–Conviction Rule 1(6) states, in pertinent part, "The court shall make specific findings of fact, and conclusions of law on all issues presented, whether or not a hearing is held." The post-conviction court erred in denying the petition for post-conviction relief without making specific findings of fact and conclusions of law, as required by rule.

On appeal, Manley also asserts the post-conviction court erred in denying his petition without conducting a hearing. *See* Ind. Post–Conviction Rule 1(4)(g). The lack of findings, conclusions of law, and response from the State Public Defender make meaningful appellate review of this issue impossible.

In accordance with Ind. Appellate Rule 58(A), we grant transfer of jurisdiction, vacate the opinion of the Court of Appeals, and remand the case to the post-conviction court for proceedings consistent with this order.

All Justices concur.